UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM L. MORRIS, as personal representative of the estate of Ruth Anne Morris

      Plaintiff,

v.

      Case No: 2:17-cv-224-FtM-99CM

LYNDA M. BAILO,

      Defendant.

## ORDER

This matter comes before the Court upon review of Unopposed Motion for Temporary Stay of Discovery and Incorporated Memorandum of Law (Doc. 24) filed on July 13, 2017.

On July 12, 2017, Defendant filed her Motion for Judgment on the Pleadings on the ground that Plaintiff's instant suit is barred by the doctrines of res judicata and collateral estoppel. Doc. 23. Defendant now seeks to stay discovery pending resolution of her dispositive motion. Doc. 24 at 1. Defendant states requiring the parties to engage in discovery would be costly, potentially unnecessary, and wasteful. Plaintiff does not oppose the requested relief.

The Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353 (11th Cir. 1997). "Such a dispute always presents a purely

legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt,* 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). *Chudasama*, however, does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP,* 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* (citing *In re Winn Dixie Stores, Inc.,* 2007 WL 1877887, at *1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Here, because there is a pending motion challenging the legal sufficiency of the complaint, which after taking a "preliminary peek" the Court find meritorious, the Court will stay discovery until the Court's resolution of the Defendant's Motion for Judgment on the Pleadings and Incorporated Memorandum of Law (Doc. 23). At

this early stage of proceedings, staying discovery until the Court rules on the motion will cause Plaintiff little harm. *Id.* Indeed, the Plaintiff does not object to the requested relief.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Unopposed Motion for Temporary Stay of Discovery and Incorporated Memorandum of Law (Doc. 24) is **GRANTED**.

2. Discovery is **STAYED** pending the Court's resolution of Defendant's Motion for Judgment on the Pleadings and Incorporated Memorandum of Law (Doc. 23).

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of July, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record